David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Bridget Ann Kaus AKA Bridget Ann Dunn,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Experian Information Solutions, Inc. and Capital One Bank USA, N.A.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. BRIDGET ANN KAUS AKA BRIDGET ANN DUNN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and CAPITAL ONE BANK USA, N.A. ("Capital One") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is a corporation doing business in the State of Arizona.

13. Defendant Capital One is a National Bank doing business in the State of Arizona.

14. Defendant Capital One is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of Arizona.
17. At all times relevant, Defendants conducted business in the State of Arizona.
18. On or about August 10, 2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:09-bk-19053-EPB (the "Bankruptcy") in order to obtain a fresh start and rebuild her credit.
19. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.
20. On or about October 6, 2014, Plaintiff received a Bankruptcy discharge.
21. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
22. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
23. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.
24. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.
25. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

26. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Capital One Misreported Credit Information

27. In an Experian credit report dated May 8, 2015, Capital One reported the following inaccurate, derogatory information:

    - Account #517805723308****:  Post-bankruptcy information including: Account past due in multiple months after filing Bankruptcy.

28. Capital One should not have reported derogatory information on Plaintiff's account after August 10, 2009, because Plaintiff filed for Bankruptcy on August 10, 2009.

29. On or about July 28, 2015, Plaintiff disputed Capital One's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Capital One.

30. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed.

31. The Experian Dispute Letter further requested that Experian:

    - Immediately delete this account and the disputed derogatory information from my credit report.
    - The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 08/10/2009, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

32. Upon information and belief, Experian timely notified Capital One of Plaintiff's dispute, but Capital One continued reporting derogatory information.

33. Capital One and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. On or about August 27, 2015, Plaintiff received notification from Experian that Capital One and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified that the account had been "Updated".

35. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Capital One and Experian simply left inaccurate information on Plaintiff's report. Specifically, Capital One and Experian reported the following inaccurate, derogatory information:

- Account 517805723308****: Post-bankruptcy information for the following dates: September 2009 (Charge Off); Status: Closed.

**COMPLAINT** 6

36. Capital One and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

37. Capital One and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

38. Due to Capital One and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

39. Plaintiff's continued efforts to correct Capital One and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Capital One and Experian were fruitless.

40. Capital One and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

41. Capital One and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

42. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Capital One and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

45. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

46. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 12, 2015                    Respectfully submitted,

                                           BY: /S/ DAVID J. MCGLOTHLIN_____
                                               DAVID J. MCGLOTHLIN, ESQ.
                                               ATTORNEY FOR PLAINTIFF